**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
            apersinger@bursor.com
            ykrivoshey@bursor.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKIMA MCPHERSON and TERRANCE PARKER, on Behalf of Themselves and all Others Similarly Situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>PERFORMANT RECOVERY, INC.,<br><br>  Defendant. | Case No. 3:16-cv-00520-EMC<br><br>**PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Shakima McPherson and Terrance Parker ("Plaintiffs"), individually and on behalf of all others similarly situated, allege the following on information and belief, except that Plaintiffs' allegations as to their own actions are based on personal knowledge.

**NATURE OF THE ACTION**

1. Between October 27, 2015 and December 29, 2015, Defendant Performant Recovery, Inc. ("Performant" or "Defendant") made at least 14 telephone calls to Ms. McPherson on her cellular telephone in an attempt to collect a debt. These calls were made using an autodialer and/or an artificial or prerecorded voice. Ms. McPherson did not give Performant prior express written consent to make these calls, and on multiple occasions requested that Defendant stop calling. Defendant's calls to Ms. McPherson continued despite her requests.

2. Between November 3, 2015 and February 9, 2016, Performant made at least 5 telephone calls to Mr. Parker on his cellular telephone in an attempt to collect a debt. These calls were made using an autodialer and/or an artificial or prerecorded voice. Mr. Parker did not give Performant prior express written consent to make these calls, and on multiple occasions requested that Defendant stop calling. Defendant's calls to Plaintiffs continued despite his requests.

3. Plaintiffs bring this action for injunctive relief and statutory damages arising out of and relating to the conduct of Performant in negligently, knowingly, and willfully contacting Plaintiffs and class members on their telephones using an artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

**PARTIES**

4. Plaintiff Shakima McPherson is, and at all times mentioned herein was, a resident of Brooklyn, New York and a citizen of the State of New York.

5. Plaintiff Terrance Parker is, and at all times mentioned herein was, a resident of Seffner, Florida and a citizen of the State of Florida.

6. Defendant Performant Recovery, Inc. is a California corporation with its principal place of business at 333 North Canyons Pkwy., Suite 100, Livermore, CA 94551.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

8. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

9. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant is headquartered in this District, Defendant transacts significant business within this District and a substantial part of the events giving rise to Plaintiffs' claims took place within this District.

**FACTS COMMON TO ALL CAUSES OF ACTION**

**A.     The Telephone Consumer Protection Act Of 1991**

10. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. Among other things, the TCPA prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . ."

12. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

13. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect

consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

## B. Defendant's Robocalls to Plaintiffs and Class Members

### Ms. McPherson

14. Defendant called Plaintiff Shakima McPherson at least 14 times on her cellular telephone using an autodialer and/or an artificial or prerecorded voice. Ms. McPherson did not give Performant prior express written consent to make these calls, and on multiple occasions requested that Defendant stop calling. Defendant's calls to Ms. McPherson continued despite her requests.

15. When Ms. McPherson answered calls from Defendant, there was a brief pause before a live person began speaking, indicating the use of an automatic telephone dialing system.

16. The following chart details 14 of Defendant's calls to Ms. McPherson:

| **Date** | **Time** | **Number Calling** |
|---|---|---|
| 10/27/15 | 1:49 PM | (925) 245-8233 |
| 11/03/15 | 12:21 PM | (925) 245-8233 |
| 11/05/15 | 4:41 PM | (925) 245-8233 |
| 11/12/15 | 5:48 PM | (925) 245-8233 |
| 11/17/15 | 1:33 PM | (925) 245-8233 |
| 11/19/15 | 1:41 PM | (925) 245-8233 |
| 11/24/15 | 11:53 AM | (925) 245-8233 |
| 12/03/15 | 2:10 PM | (925) 245-8233 |
| 12/08/15 | 3:52 PM | (925) 245-8233 |
| 12/15/15 | 11:28 AM | (925) 245-8233 |
| 12/17/15 | 1:34 PM | (925) 245-8233 |
| 12/21/15 | 1:32 PM | (925) 245-8233 |
| 12/23/15 | 6:57 PM | (925) 245-8233 |
| 12/29/15 | 2:28 PM | (925) 245-8233 |

17. Prior to the calls at issue in this action, Ms. McPherson had never had any contact with Defendant. She has never consented in writing, or otherwise, to receive telephone calls from Defendant. She has never provided Defendant with her telephone number.

**Mr. Parker**

18. Defendant called Plaintiff Terrance Parker at least 5 times on his cellular telephone using an autodialer and/or an artificial or prerecorded voice. Mr. Parker did not give Performant prior express written consent to make these calls, and on multiple occasions requested that Defendant stop calling. Defendant's calls to Mr. Parker continued despite his requests.

19. When Mr. Parker answered calls from Defendant, there was a brief pause before a live person began speaking, indicating the use of an automatic telephone dialing system.

20. The following chart details 5 of Defendant's calls to Mr. Parker:

| **Date** | **Time** | **Number Calling** |
| --- | --- | --- |
| 11/3/15 | 10:46 AM | (925) 245-8233 |
| 11/5/15 | 10:20 AM | (925) 245-8233 |
| 11/12/15 | 2:57 PM | (925) 245-8233 |
| 11/12/15 | 6:12 PM | (925) 245-8233 |
| 2/9/16 | 10:36 AM | (925) 245-8233 |

21. Prior to the calls at issue in this action, Mr. Parker had never had any contact with Defendant. He has never consented in writing, or otherwise, to receive telephone calls from Defendant. He has never provided Defendant with his telephone number.

**C.  Consumer Complaints Regarding Defendant's Calls**

22. Online consumer complaints regarding Defendant's unsolicited robocalls from these same numbers are legion:

- "keeps calling and hanging up"[1]
- "This number has called twice. Never leaves a message and I don't anyone in California. Very annoying."[2]

---

[1] http://800notes.com/Phone.aspx/1-925-245-8233 (last checked January 27, 2016).
[2] *Id.*

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT   4
CASE NO. 3:16-CV-00520-EMC

- "Phone number above keeps calling, and when I don't answer (since I don't know anyone who lives in Livermore, CA) they don't leave a message. They have called twice today already, and 3 times yesterday."[3]

- "I just received a call from this number asking if I could get a message to a neighbor in my apt building. The callers' name was karen and she gave me another # to call 800-927-7667  x7018. It really concerned me that she knew who MY neighbor was and that she would prevail upon me to deliver a message to someone else. She avoided my questions about the nature of her call."[4]

- "Just like everybody else, they call and call and call and CALL. At least once a day for 2/3 months now. Never picked up. never left a voicemail. Until one day, they called my work company. Asked for my ssn off the bat, and I wouldn't give it to them. I constantly asked what they wanted and they wouldn't give me a clear answer, only to continue to harass me about my ssn. I hung up right after. I have no clue how they got my company's number. Very creepy and annoying."[5]

- "This number just called be seven times in a row! I blocked their number but they call me several times a week. When the number was not blocked they never left a message." [6]

- "This phone number 9252458233 has call me several times every months for the last 6 six months, this man threads to put me in jail, if I don't pay for debt that he said I owe him. I don't recall I owe him this money he said, I hang up."[7]

- "This number has been calling my phone for a year now maybe even longer I've taken the time to ask them to exclude me from calls and put me on the no call list, still getting calls."[8]

- "They are a recruiting company for Internet porn."[9]

- "annoying calls constantly without a voicemail"[10]

- "Same exact thing happened as the person below. I answered, automated recording wanting to know if I was the person they were calling. I hung up."[11]

- "They just called, I got a recording claiming it was not a sales or marketing phone call and asked me to verify who I was. I just hung up and blocked the number from calling me again. I did a search for the number online but came up with nothing."[12]

---

[3] *Id.*
[4] *Id.*
[5] http://800notes.com/Phone.aspx/1-925-245-8233/2 (last checked January 27, 2016).
[6] http://findwhocallsyou.com/925-245-8233 (last checked January 27, 2016).
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] http://npnr.org/925/245/5233/9252455233.html (last checked January 27, 2016).
[11] *Id.*
[12] *Id.*

**CLASS ACTION ALLEGATIONS**

23. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated.

24. Plaintiffs propose the following Robocall Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant in order to collect a debt; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

25. Collectively, all these persons will be referred to as the "Robocall Class." Plaintiffs represent, and are members of, this proposed class. Excluded from the Robocall Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

26. Plaintiffs also propose the following Autodialer Class definition:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant in order to collect a debt; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

27. Collectively, all these persons will be referred to as the "Autodialer Class." Plaintiffs represent, and are members of, this proposed class. Excluded from the Autodialer Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

28. Plaintiffs do not know the exact number of members in the proposed classes, but reasonably believe based on the scale of Defendant's business, and the number of autodialed

robocalls that they received, that the classes are so numerous that individual joinder would be impracticable.

29. Plaintiffs and all members of the proposed classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

30. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed classes can be identified easily through records maintained by Defendant.

31. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes. Those common questions of law and fact include, but are not limited to, the following:

   a. Whether Defendant made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;
   b. Whether Defendant's conduct was knowing and/or willful;
   c. Whether Defendant is liable for damages, and the amount of such damages, and
   d. Whether Defendant should be enjoined from engaging in such conduct in the future.

32. As persons who received numerous and repeated calls on their telephones through the use of an artificial or prerecorded voice, without their prior express written consent, Plaintiffs assert claims that are typical of each member of the classes. Plaintiffs will fairly and adequately represent and protect the interests of the proposed classes, and have no interests which are antagonistic to any member of the proposed classes.

33. Plaintiffs have retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

34. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendant to comply with the TCPA. The

interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

35. Defendant has acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate.  Moreover, on information and belief, Plaintiffs allege that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

36. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

38. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiffs and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

39. Plaintiffs and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

40. Plaintiffs and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

41. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

42. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

43. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and members of the classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

44. Plaintiffs and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

45. Plaintiffs and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs and all members of the proposed classes the following relief against Defendant:

 a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;
 b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiffs seek for themselves and each member of the proposed classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;
 c. As a result of Defendant's violations of the TCPA, Plaintiffs seek for themselves and each member of the proposed classes $500.00 in statutory damages for each and every call that violated the TCPA;

      d.  An award of attorneys' fees and costs to counsel for Plaintiffs and the proposed classes;

      e.  An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiffs are proper representatives of the classes, and appointing the lawyers and law firm representing Plaintiffs as counsel for the classes;

      f.  Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

Dated:  June 7, 2016                            Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ L. Timothy Fisher*
         L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No.295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email: ltfisher@bursor.com
       apersinger@bursor.com
       ykrivoshey@bursor.com

*Attorneys for Plaintiffs*